IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | )   Cr. No. 15-10011-STA-2 |
| | ) |
| CALVIN BAILEY, | ) |
| | ) |
|       Defendant. | ) |

**ORDER DIRECTING THE PARTIES TO PREPARE SUPPLEMENTAL BRIEFING**

On September 1, 2020, the United States Court of Appeals for the Sixth Circuit issued its decision affirming in part, and reversing and remanding in part the Court's judgment against Defendant Calvin Bailey. *See United State v. Bailey*, 973 F.3d 548 (6th Cir. 2020). The Court of Appeals affirmed Defendant's conviction for conspiracy in violation of 18 U.S.C. § 371 but remanded for resentencing. At sentencing, the Court had applied a sixteen-level increase to Defendant's offense level because the Court found that the loss caused by his conduct exceeded $1,500,000. *See* U.S.S.G. § 2B1.1(b)(1)(I). On appeal, the Sixth Circuit held that the Court applied "too broad a standard for determining [Defendant's] relevant conduct" and thereby "considered conduct outside his relevant conduct when setting his loss amount." *Bailey*, 973 F.3d at 574, 575. The Court of Appeals also pointed out that subsequent to Defendant's sentencing in this matter, the Sixth Circuit had announced a series of factors for district courts to consider at sentencing when determining a defendant's relevant conduct and the amount of loss. *United States v. Donadeo*, 910 F.3d 886, 893 (6th Cir. 2018).

Based on the decision from the Court of Appeals and in preparation for resentencing

Defendant, the Court finds that additional briefing from the parties would aid the Court. The government is ordered to file a brief on the correct calculation and ascertainment of Defendant's relevant conduct for purposes of resentencing. The government's brief should include all citations to any authority the Court should consider in making its decision as well as a summary of any proof the government would rely on for support of its calculation of the amount of loss, including proof to be offered at the resentencing. The brief of the United States is due within 21 days of the entry of this order. Defendant will then have 21 days from the service of the government's brief to address the same factors. In the event that counsel for both parties can reach an agreement on the amount of loss and the application of the *Donadeo* factors, they may submit a joint statement to the Court. The Court will set the resentencing hearing by separate order.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date:  January 11, 2021